Opinion issued November 20, 2008









Opinion
issued November 20, 2008             

 

 

 



 

 

 

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 


 



NO.   01-07-00975-CV

 




 
 
 
 
 
 
 


 



Fahren
Fallon Favien (aka Marcus Dewayne Jones), Appellant

 

V.

 

The Office of the Attorney
General and 

Charita Franche Rosignon, Appellees

 

 



On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 0254805

 

 



MEMORANDUM OPINION

The trial court
established Fahren Fallon Favien’s paternity and child support obligation by an
agreed order signed in 2003.  Favien attempts to appeal from the 2003 agreed
judgment.  We dismiss the appeal for want of jurisdiction.

Background

On April 22, 2003, the
trial court signed an agreed judgment establishing Favien’s paternity and
parent-child relationship, setting conservatorship, and ordering current and
retroactive child support.[1] 
On April 29, 2005, the trial court enforced the child support obligation by
entering an arrearage judgment in a child support review order.  Favien never
challenged either order until November 12, 2007, when he filed a notice of
appeal, specifying that he is appealing the original April 22, 2003 agreed
judgment.  

Jurisdiction

          A notice of appeal must be
filed within 30 days after the judgment is signed.  Tex. R. App. P.
26.1.  The timely filing of a notice of appeal invokes the jurisdiction of the
court of appeals.  Tex. R. App. P.
25.1.  Therefore, if the notice 
of appeal is not timely filed, the court of appeals is without jurisdiction to
consider the appeal.  A court of appeals may extend the time to file a notice
of appeal if, within 15 days after the deadline for filing notice, the party
(1) files in the trial court the notice of appeal and (2) files in the court of
appeals a motion complying with rule 10.5(b) to extend the time to file the
motion.  Tex. R. App. P. 26.3, 10.5(b).

          Favien’s deadline for
filing his notice of appeal was May, 22, 2003.  His deadline for filing a
motion to extend the time to file a notice of appeal was thus June 6, 2003. 
Favien’s notice of appeal was filed over three years and five months late.  

Conclusion

Because appellant’s
notice of appeal was not timely filed, we lack jurisdiction to consider this
appeal.  We therefore dismiss the cause for want of jurisdiction.  

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

 









[1] Favien was a signatory to the agreed judgment.